Paul Whitmore G40654
3C03 104 up
PO Box 3471
Corcoran, CA 93212-3471

FILED
AUG 12 2010
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# IN UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Paul Gordon Whitmore, Petitioner | No. 09-1324 MMA(WVG) |
| v | Points and Authorities in Support of Motion for Order Directing State Trial Court Exhibit Supervisor to Transmit Specified Trial Exhibits to District Court |
| Matthew Cate, Warden, Respondant | |

## I Background Relevant to Current Motion

Petitioner was convicted in Superior Court of California, County of San Diego (State Court) on November 2005 and was sentenced to his current prison sentence of 467 years 8 months to life on January 2006. Petitioner filed notice of appeal and true and correct copies of State Court Trial Exhibits were sent to Petitioner's court-appointed council, Patrick Ford, through Appelate Defender, Inc. State Court number SDC 165314.

Petitioner was transferred to Federal custody and was transported to Fresno County Jail for motions in

his related Federal trial in US District Court, Eastern Dist of California. Charges were dismissed in this case on <u>October 2008</u>. During this time, counsel for Petitioner prosecuted Petitioner's State Appeal through Supreme Court of California, which denied review on <u>August 2008</u>. Since Petitioner was in County Jail when his last state options were exhausted, all paperwork in Petitioner's direct appeal were transfered to his court appointed Federal attorney, John Garland, including exhibits.

Petitioner was transfered to North Kern State Prison - Reception Center, in Delano, Ca, on <u>November 2008</u>. Shortly thereafter, approximately <u>December 2008</u>, Petitioner wrote to his Federal counsel asking to be sent all the materials he had received from Petitioner's appelate counsel along with other materials Petitioner had given him before being transfered to NKSP.

Due to a mix-up, NKSP did not deliver any of the legal materials sent by Federal counsel to Petitioner until <u>April 2009</u>. Upon recipt, two large boxes of both bound and loose papers, Petitioner discovered the lack of necessary materials to file the Petition for a Writ of Habeas Corpus in Federal court. Petitioner then wrote to Federal Counsel and requested the remainder of materials be sent. These were received, also in <u>April 2009</u>,

\2\

along with a letter from counsel informing Petitioner that counsel had returned the exhibits to Federal custody because they "are illegal to possess."

Petitioner wrote to Federal investigator Mike Prado requesting these exhibits in July 2009. No letter in response was forthcoming. Petitioner then wrote to his State Court appointed counsel, Gary Roberts, in ~~March 2010~~ February 2010. In July 2010, after some discourse between Petitioner and Counsel, Petitioner filed a proper motion (prepaired by Trial Court appointed Counsel) requesting these exhibits. This motion was denied on July 20, 2010 by trial judge the Honorable Gaile Kaneshiro. ~~(See attachment A)~~

II Statement of Law

Congress has authorized district courts to review State Court convictions through a writ of Habeas Corpus. (28 USC 2254 (a)) In <u>Blackledge v Allison</u>, 431 US 63, 82, n. 22; 97 S.Ct. 1621, 52 L.Ed. 2d 136 (1977), the United States Supreme Court recognized that Rule 10 of the Rules Governing Habeas Corpus cases "authorizes performance by a magistrate of virtually all the duties of a district judge, except for the exercise of ultimate decision making authority." If Congress

|3|

has granted this Court the power to ultimately nullify Petitioner's convictions, this Court certainly has the power to order the transmission of specified (or all) trial exhibits on which Petitioner's convictions were based.

Petitioner is asking this Court to review the specified Trial Exhibits upon which his convictions are based prior to ruling on the need of a evidenciary hearing. Much of the evidence is described in very biased terms by prosecution witnesses and bears little resemblance to their descriptions.

In <u>Vincent v Louisiana</u> 469 U.S. 1166, 1168, 105 SCt. 928, 83 L.Ed.2d 939 (1985) the US Supreme Court noted that federal courts "must ensure the full development of the relevant facts. This duty requires careful consideration and plenary processing of habeas claims including full opprutunity for presentation of the relevant facts." (<u>Id.</u> at 1169; internal quotations, brackets and citations omitted.)

Petitioner also asks that this court send to him, in prison, copies of the specified Trial Exhibits. Petitioner needs these copies in order to cogently argue his case on traverse, and on any further motions before this Court, or in future arguement before higher courts

if Petitioner needs to continue to prosecute this Petition. In the listing of specified exhibits, Petitioner list some of the reasons these are needed for development of arguments, however other reasons exist that Petitioner does not want the Respondent to have early warning of. Petitioner will supply these reasons to this Court *ex parte* if so requested.

## III List of Specified Trial Exhibits

A. Court Exhibits

Exhibit 11 - Verdict Worksheets, Grounds No 5
Exhibit 12 - Charging worksheets of counts, charges, etc.
                                    Grounds for Relief No 8

B People's Exhibits

Exhibit 85 - 91 page "chat", Grounds for Relief Nos. 1 & 2
Exhibit 16, 16-A - the "clear" letter
Exhibit 98 - psych report on Christina E.
Exhibit 99 - text documents, referring to pictures
Exhibit 115 - "clear" letter, different CD
Exhibit 128 - 2 documents, 3 e-mails, misc emails
Exhibit 133 - Letter to Mike S.
Exhibit 173 - "Thank you" e-mail from Whitmore

(5)

Exhibit 44 - photo of Eggert Jensen and his daughter. This photo is child pornography, but it is the only photo showing Jensen's step-daughter in the exhibits.

Exhibits 50-58b - photos of Whitmore family and minors involved in this case. These are not charged as child pornography but were included in the trial for identification purposes.

Exhibits 68, 75, 83, 88-A, 88-B, 89, 92, 98, 101, 120, 123, 125 - these photos are charged as child pornography but Petitioner contends they do not meet the test under U.S. v Dost nor People v Kongs (People v Kongs (1994) 30 Cal. App. 4th 1741) These are challenged directly in Grounds for Relief No. 3.

## IV Conclusion

The afore mentioned, specified Trial Exhibits are required for this Court to make an informed decision in granting an evidencary hearing in this Petition for Habeas. Further, Petitioner needs access to these Exhibits because he must put together a cogent arguement in support

(6)

of his grounds for relief. Petitioner wishes to point out that the State Court of Appeals reviewed all of the Trial Evidence before making its ruling, and the appellate Counsel and Attorney General had copies to assist them in argument as well.

Petitioner requests that this Court order the release and transfer of all specified Trial Exhibits to this Court for its review. This Court can then release all documents and Trial Exhibits 50-58b directly to Petitioner, into his custody. Since it is, undeniably, illegal to posess child pornography, Petitioner suggests sending the remainder of the photos to the Legal Office at Corcoran State Prison. Petitioner can then be "ducatted-out" to review these images in the Legal Office or other location, private, of course, that the Legal Officer decides upon. Petitioner anticipates needing these only for a full review then they can be returned to this Court for destruction. Of course, Petitioner will abide with any restrictions and conditions that this Court orders.

////

|7|

I declare under penalty of perjury under the laws of the United States that the foregoing is both true and correct.

August 10, 2010
date

*[signature]*
Paul G. Whitmore III