Paul Whitmore G40654
3C03 104 up
PO Box 3471
Corcoran, CA 93212-3471

FILED
SEP 1 2010
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY           DEPUTY

# IN US DISTRICT COURT SOUTHERN DIST OF CALIFORNIA

| | |
|---|---|
| Paul Gordon Whitmore<br>Petitioner<br><br>v<br><br>Matthew Cate, Warden<br>Respondent | No 09-1324 MMA(WVG)<br><br>Motion to include previously abandoned Grounds for Relief, numbers 5 and 6 in original Petition and Points and Authorities in support. |

Now comes the Petitioner, a pro se litigant who is neither learned nor lettered in the law. Petitioner asks this court to not hold him to the requirements of form and format expected of learned and experienced Lawyers. (Borzda v Heckler (1984) 724 F2d 444, 447 and Bretz v Kelman (9th Cir. 1985) 773 F2d 1026, 1027)

On May 2009 Petitioner filed the Petition for a Writ of Habeas Corpus (Petition) in US District Court, Eastern Dist. of California. That court modified the petition (changing the name of respondent to Matthew Cate) and transfered the case to the US

District Court, Southern District of California, on June 2009. This court then ordered Respondant to respond on allegations filed in the Petition on July 2009. This Responce was filed on October 2009. The Responce raised an objection to Grounds 5 and 6 as unexhausted of State options. In November p 2009 this court issued a "Notice Regarding Possible Dismissal of Petition for Failure to Exhaust State Court Remedies." At this same time, Petitioner filed a "Motion to Revisit Prima Facie and Enlarge Time for Traverse" - these two crossed paths in the mail. On December 2009 Petitioner filed a "Motion to Dismiss Claims Nos 5 and 6, and Ask for Clarification as to Claim No 4." Also in December 2009 this court granted Petitioner's motion to dismiss w/o prejustice Claims Nos 5 and 6 and clarified the issue with Claim No 4 in "...Second Notice of Possible Dismissal of Petition for Failure to Exhaust State Court Remedies". Petitioner filed "Motion to Stay and Abeyance Re Grounds 4" on January 2010. This was granted on Feburary 2010 in "Order Granting Petitioner's Motion to Hold Federal Habeas Petition in Abeyance" by this court. Petitioner filed for Habeus relief in the Supreme Court of California on February 2010 and was issued docket number S180244. This petition

|2|

in State Supreme Court included Grounds for Relief Nos. 4, 5 and 6 for the Federal Petition. The California Supreme Court denied review on _____.

Now that all 11 (eleven) issues of the original Petition are fully exhausted, Petitioner requests that this court accept a First Amended Petition including the previously dismissed Claims 5 and 6.

Respectfully Submitted

August 16, 2010
date

Paul G. Whitmore III
Petitioner

131

Paul Whitmore G40654
3C03 104 up
PO Box 3471
Corcoran, CA 93212-3471

IN THE US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| Paul Gordon Whitmore, Petitioner | No. 09-1324 MMA(WVG) |
|---|---|
| v. | Points and Authorities in Support of Motion to Include Previously Abandoned Grounds for Relief, Numbers 5 and 6 in Original Petition |
| Matthew Cote, Warden Respondent | |

I. Introduction

Petitioner seeks to include two previously dismissed (without prejustice) Grounds for Relief that are now exhausted of State remedies. The grounds are:

Grounds No. 5: Petitioner was denied his right to Trial by jury under the 6th Amendment and 6th and 14th Amendment to due process and fair trial by the courts use of defective jury forms in reference to enhancements under 667, 667(e)(5-6).

Grounds No. 6: Petitioner was denied right to Trial by jury guaranteed by the 6th Amendment and 6th and 14th

Amendment rights to due process and fair trial when the court and jury used a hopelessly flawed procedure to find Petitioner "did" commit alleged acts against multiple victims under 667.61.

These two grounds had been left out of the original appeal filed by appointed counsel for the Petitioner before the California Supreme Court. Petitioner then proceeded on to file this petition under 28 USC 2254 based on a miscommunication with appointed counsel. Counsel had told Petitioner to "hurry and file in the Federal Court because your clock is ticking." As Petitioner is pro se and neither learned nor lettered in the law, he proceeded forward with the specious understanding that all issues were exhausted.

Upon notification by this court that three issues were, in fact, unexhausted of state remedies, Petitioner asked for and received from this court an abeyance to return to State Supreme Court to exhaust unexhausted issues. Petitioner did so with all three issues, though this motion addresses only the two that were dismissed w/o prejustice.

////

/2/

## II Argument

28 USC 2254 prohibits a "second or successive habeas corpus application" unless certain requirements are met (see 2244(b)(2)(A)(B)). Petitioner argues that adding back two grounds previously dismissed upon motion of petitioner does not constitute a "second or successive" application as no substantive ruling has been made in this Petition for Habeas by This or any other Federal court.

The legislature granted this Court great and awsome power under 28 USC 2254 in that this Court may review and ultimately reverse Petitioner's conviction in total. If this Court is granted such powers it must also have the power to allow modified or newly exhausted Grounds for Relief to be added or, as in this case, ~~readded~~ reinstated.

## III Conclusion

Petitioner seeks the reinstatement of Grounds for Relief No.s 5 and 6. Petitioner requests that this Court reinstate said Grounds in the Petition, First Amended, and allow the Respondent to file

/3/

a response to these Grounds before Petitioner files the Traverse so that this Court may make an informed and complete decision. By allowing these two Grounds back in, this Court will be making the most expedient use of judicial time.

I declare under penalty of perjury under the laws of the USA that the foregoing is both true and correct.

August 16, 2010
date

Paul G Whitmore III

(4)

SUPREME COURT
FILED

AUG 1 1 2010

Frederick K. Ohlrich Clerk

S180244

_____ Deputy

# IN THE SUPREME COURT OF CALIFORNIA

En Banc

---

In re PAUL GORDON WHITMORE III on Habeas Corpus.

---

The petition for writ of habeas corpus is denied.

George, C. J., was absent and did not participate.

CORRIGAN
*Acting Chief Justice*

## Declaration of Service by Mail

Name: Paul Gordon Whitmore v Matthew Cate, Warden

No: 09-1324 (MMA) (WVG)

I declare:

On August 29, 2010, I gave a true and correct copy of the attached: Motion to include previously abandoned Grounds for Relief, numbers 5 and 6, in Original Petition and Points and Anz, in support with pre-paid postage, to the 3rd watch officer who is in charge of legal mail for my building at CSP-Corcoran, addressed as follows:

Christopher Beesley, esq
110 West A Street, Ste 1100
San Diego, CA 92101

I declare under penalty of perjury that the foregoing is true and correct. Executed this August 29, 2010 at Corcoran, California.

August 29, 2010
date

*Paul G Whitmore III*