MC-275

Name: Paul Gordon Whitmore G40654
Address: 7C03 104 up
PO Box 3471
Corcoran, CA 93212
CDC or ID Number: G40654

**SUPREME COURT FILED**
JAN 16 2010
Frederick K. Ohlrich Clerk
_____ Deputy

Supreme Court of California
(Court)

SUPREME COURT COPY

Petitioner: Paul Whitmore
vs.
Respondent: Matthew Cate, Warden

PETITION FOR WRIT OF HABEAS CORPUS

No. **S180244**
(To be supplied by the Clerk of the Court)

**RECEIVED**
FEB 16 2010
CLERK SUPREME COURT

## INSTRUCTIONS—READ CAREFULLY

- If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.

- If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies of the petition and, if separately bound, one copy of any supporting documents.

- If you are filing this petition in the California Supreme Court, file the original and ten copies of the petition and, if separately bound, two copies of any supporting documents.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under rule 8.380 of the California Rules of Court [as amended effective January 1, 2007]. Subsequent amendments to rule 8.380 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.

Page 1 of 6

Form Approved for Optional Use
Judicial Council of California
MC-275 [Rev. January 1, 2007]

PETITION FOR WRIT OF HABEAS CORPUS

Penal Code, § 1473 et seq.;
Cal. Rules of Court, rule 8.380
www.courtinfo.ca.gov
American LegalNet, Inc.
www.FormsWorkflow.com

1 of 7

MC–275

This petition concerns:

- [x] A conviction
- [ ] Parole
- [ ] A sentence
- [ ] Credits
- [ ] Jail or prison conditions
- [ ] Prison discipline
- [ ] Other *(specify):* _____

1. Your name: **Paul Gordon Whitmore III**
2. Where are you incarcerated? **CSP – Corcoran**
3. Why are you in custody?  [x] Criminal Conviction   [ ] Civil Commitment

   *Answer subdivisions a. through i. to the best of your ability.*

   a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").
   
   **Child molestation and production of pornography**

   b. Penal or other code sections: **PC 288(a) & PC 311.4**

   c. Name and location of sentencing or committing court: **Superior Court, San Diego County**

   d. Case number: **SDC 165341**

   e. Date convicted or committed: **Nov 2005 (approx)**

   f. Date sentenced: **Feb 2006 (approx)**

   g. Length of sentence: **467y 8m-to-life**

   h. When do you expect to be released? **Never**

   i. Were you represented by counsel in the trial court?  [x] Yes   [ ] No. If yes, state the attorney's name and address:
   
   **Gary Roberts, appointed Private Conflict Counsel**

4. What was the LAST plea you entered? *(check one)*

   [x] Not guilty   [ ] Guilty   [ ] Nolo Contendere   [ ] Other: _____

5. If you pleaded not guilty, what kind of trial did you have?

   [x] Jury   [ ] Judge without a jury   [ ] Submitted on transcript   [ ] Awaiting trial

MC–275

6. **GROUNDS FOR RELIEF**

**Ground 1:** State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(If you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)*

Petitioner's 6th and 14th Amendment rights to Due Process and Fair Trial were denied when prosecution was allowed to use multiple images for each count of molest and production of child pornography.

a. Supporting facts:

Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: who did exactly what to violate your rights at what time *(when)* or place *(where)*. (If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)

Multiple images were allowed as the basis for most charges of PC288 and PC311.4. Some counts had as many as 70+ images for a single act. There is no way to determine which images the jury members thought were "pornographic" or "proved" the alleged act. No effort was made to ensure each juror agreed on each image. Individual acts must be proved for conviction and each juror must agree on each act. Procedure used was hopelessly flawed. Please see attached motion for further argument and citations. ~~Involved~~ Involved are Counts: 8, 9, 10, 11, 13, 14, 15, 16, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 37, 38, 40, 41 and 55

b. Supporting cases, rules, or other authority (optional):

*(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

Please see attached motion for citations.

7. Ground 2 or Ground _____ (if applicable):

MC-275

Petitioner was denied his right to Jury Trial under the 6th Amendment and his 6th and 14th Amendment rights to Due Process and Fair Trial by the Trial Court's use of defective jury forms in reference to enhancements under 667.61(e)(5-6).

a. Supporting facts:

Over defense objections the Court used jury forms that did not use the language required by California law and Supreme Court decisions. Verdict forms used the language, "DID\DID NOT" rather than the language in 667.61 which requires a "True finding." The "True" language is mandatory. Due to the failure of the jury to make a "True" finding, Petitioner asks this Court to set aside the "did" finding and enter a "not true" verdict as a retrial would constitute double-jeopardy under the 5th Amendment. This applies to the enhancements only to Counts 1, 9, 10, 11, 14, 15, 16, 17, 18, 24, 29, 33, 36, 37, 38, 43, 44, 46, 48, 49, 50. Please see attached motion for further arguement and citations.

b. Supporting cases, rules, or other authority:

Please see attached motion for citations

7. Ground or Ground __3__ (if applicable):

Petitioner was denied his right to Trial by Jury guaranteed by the 6th Amendment and 6th and 14th Amendment rights to Due Process and Fair Trial when the court and jury used a hopelessly flawed procedure to find Petitioner "did" commit alleged acts against multiple victims under 667.61.

a. Supporting facts:

On counts charged with the multiple victim enhancement, each verdict form had both the charge and enhancement on the same form and page. Petitioner was not convicted under law until the jury was polled in open court. Therefore the jury finding of "did" acts when convicted of multiple victims could not have been true as the jury was still in deliberations and had not returned any verdicts to the court to establish a "conviction". This is a hopelessly flawed procedure and requires a bifurcation on retrial. In reference to counts 1, 9, 10, 11, 14, 15, 16, 17, 18, 24, 33, 36, 37, 38, 43, 44, 46, 48, 49 and 50. Please see attached motion for further argument and citations

b. Supporting cases, rules, or other authority:

Please see attached motion for citations

8. Did you appeal from the conviction, sentence, or commitment? ☒ Yes. ☐ No. If yes, give the following information:
   a. Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"):
      Court of Appeals, 4th District
   b. Result Affirmed                                       c. Date of decision:
   d. Case number or citation of opinion, if known: May 8, 2008
   e. Issues raised: (1) Three raised here, plus 8 others. Please see D048294
      (2) 
      (3) 
   f. Were you represented by counsel on appeal? ☒ Yes. ☐ No. If yes, state the attorney's name and address, if known:
      Patrick Ford, Appellate Defenders Inc

9. Did you seek review in the California Supreme Court? ☒ Yes ☐ No. If yes, give the following information:
   a. Result Affirmed                                       b. Date of decision: August 2008
   c. Case number or citation of opinion, if known: unknown
   d. Issues raised: (1) 9 issues, one raised here but not stated in Federal Constitution
      (2) terms, only state law issues.
      (3) 

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:
    Attorney failed to raise two issues brought before Appeal Court before the Ca Supreme Court; One issue did not state federal grounds for relief.

11. Administrative Review:
    a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286].) Explain what administrative review you sought or explain why you did not seek such review:
       N/A

    b. Did you seek the highest level of administrative review available? ☐ Yes. ☐ No.
       Attach documents that show you have exhausted your administrative remedies.

MC-275 [Rev. January 1, 2007]          PETITION FOR WRIT OF HABEAS CORPUS                    Page 5 of 6

6 of 7

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or issue in any court? ☒ Yes. If yes, continue with number 13.   ☐ No. If no, skip to number 15.

MC-275

13. a. (1) Name of court: US District Court, Southern District of California

(2) Nature of proceeding (for example, "habeas corpus petition"): Pet. for Habeas Corpus (28 USC )

(3) Issues raised: (a) 11 issues in D048294

(b) _____

(4) Result (Attach order or explain why unavailable): On Stay and abeyance to exhaust claims

(5) Date of decision: —

b. (1) Name of court: —

(2) Nature of proceeding: —

(3) Issues raised: (a) —

(b) —

(4) Result (Attach order or explain why unavailable): —

(5) Date of decision: —

c. For additional prior petitions, applications, or motions, provide the same information on a separate page.

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result.

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.)

Attorney on appeal failed to raise two issues before the Ca Supreme Court and failed in one issue to raise Constitutional issue. Pls see attached.

16. Are you presently represented by counsel? ☐ Yes. ☒ No. If yes, state the attorney's name and address, if known:

17. Do you have any petition, appeal, or other matter pending in any court? ☐ Yes. ☒ No. If yes, explain:

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court.

No

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: 2/11/10

(SIGNATURE OF PETITIONER)

MC-275 [Rev. January 1, 2007]

PETITION FOR WRIT OF HABEAS CORPUS

Page 6 of 6

7 of 7

1. Paul Whitmore C-49664
2. 3C03 134up
3. PO Box 3471
4. Corcoran, CA 93212-3471

# IN THE SUPREME COURT OF THE STATE OF CALIFORNIA

Paul Gordon Whitmore
    Petitioner

No. _____

v.

Matthew Cate, Warden
    Respondent

PETITION FOR A WRIT OF HABEAS CORPUS PURSUANT TO A CRIMINAL CONVICTION

## I. Introduction

Petitioner was convicted in Superior Court, County of San Diego in November of 2005 of 54 felony counts of PC288 and PC311.4. Petitioner was sentenced to 462 years 8 months to Life. The trial lasted 5 weeks but the jury deliberated only 5 hours.

Petitioner filed notice of appeal upon sentencing and the Court of Appeals, 4th District, assigned Patrick Ford from Appellate Defenders, Inc., to represent Petitioner on direct

1  appeal. The Opening Brief was filed on April 2, 2007.
2  The Court of Appeals, 4th Circuit, affirmed conviction on May
3  8, 2008. The Supreme Court of California denied review on 9
4  of the 11 issues raised before the Appeals Court on August 2008.
5
6  On May 11, 2009 Petitioner filed a petition for a Writ
7  of Habeas Corpus in Federal District Court. On Dec 21,
8  2009 the Honorable Judge William V. Gallo ruled that three
9  of the 11 grounds for relief had not been adequately presented
10 to the Supreme Court of California for review.
11
12 II. Reasons For Lateness of this Petition.
13
14 This Petitioner is a pro se litigant, neither learned nor lettered
15 in the law. After the Supreme Court of California denied review of
16 the direct appeal, court-appointed counsel, Patrick Ford, sent
17 a letter to this Petitioner telling him to file a "2254" in Federal
18 Court. Petitioner believed that counsel had "exhausted" the 11
19 grounds for relief before all State Courts and proceded to
20 rewrite the direct appeal into a Federal petition for a Writ
21 of Habeas Corpus pursuant to 28 USC 2254.
22
23 Petitioner proceded to Federal Court based upon the incorrect
24 information given to him by court-appointed counsel. Petitioner
25 prays this Court to accept this Petition and not hold him to
26 the strict requirements expected of learned and experienced
27 lawyers. (Borzda v Heckler (1984) 724 F2d 444, 447) and Bretz
28 v Kelman (9th Circuit 1985) 773 F2d 1026, 1027)

(9)

III Grounds for Relief

A. Ground 1: Petitioners 6th and 14th Amendment rights to Due Process and Fair Trial were denied when prosecution was allowed to use multiple images for each count of molest and production of child pornography.

(Note: This ground, in State-form, was presented to the California Supreme Court on direct appeal. Due to the Federal District Court ruling that the Constitutional issue was not exhausted, Petitioner includes the Federal-form of this ground here.)

The California Constitution, article I, section 16, guarantees that a criminal defendant has a right to receive a unanimous verdict by a jury on each and every count. (People v Collins (1976) 17 Cal.3d 687, 693) Evidence presented by the prosecution must be sufficient to establish, beyond a reasonable doubt, that the defendant committed the act charged. (Jackson v Virginia, (1979) 443 U.S.307; People v Johnson (1980) 26 Cal.3d 557) When the lower courts ruled incorrectly on this issue when raised in trial and on appeal, this issue was raised to Federal, Constitutional level. (Hicks v Oklahoma, (1980) 447 U.S. 343, 346)

Two serious, Constitutional problems were created by allowing the prosecution to use multiple images (often unrelated and not meeting the definition of child pornography) for evidence of a single count of molestation or producing child pornography.

/3/

First, there is no way to know which image(s) the jury determined violated the charged section of the law (either 311.4 or 288(a)). The jury was free to decide as a group these images constituted child pornography or a violation of 288(a). Most of these images depicted only nudity and had no sexual connotation whatsoever. Images presented to the jury as a "series" seemed to represent several different times as hair styles, background and apparent age of the child(ren) varied from image to image.

The second problem is that there is no way to know if the jury was unanimous as to which image(s) constituted a violation of the charged law. It is entirely possible that the jurors disagreed as to which images violated the charged statute but merely agreed that one or more images violated the law charged. This violates Petitioner's right to a unanimous verdict. (People v Collins, supra) When the lower courts misapplied this state law, Petitioner was denied his right to Due Process under the 6th and 14th Amendments (Hicks v Oklahoma, supra)

Case law has long held that where there is evidence of more than one discrete act either the prosecutor must choose among the acts or the court must instruct the jury to agree on the same act. (People v Russo (2001) 25 Cal.4th 1124, 1132). Here, the prosecutor was allowed to present 70+ images per count. Therefore, these convictions must be reversed

|41|

B. Petitioner was denied his right to Jury Trial under the 6th Amendment and 6th and 14th Amendment rights to Due Process and fair Trial by the Courts use of defective jury forms, in reference to enhancements under 667.61(c)(5-6).

Over defence objections, the court used jury forms asking the jury whether the Petitioner "did\did not" commit the special allegation rather than the language used in 667.61 which specifies that the jury must find the special allegation is "True\not true." (25 RT 3186) Defence counsel cited PC 1158 and 1158a using the "True\not true" language and cited Apprendi v New Jersey (2000) 530 US 466. Defence objections were overruled and the defective forms went to the jury for use. (5 CT 827-837)

"The requirement of PC 1158 on such an issue, is that the jury shall find that the charge of former conviction is 'True', or that 'it is not true'. The form of these verdicts should have provided a direct answer to that question. (In re Hall), (1927) 88 Cal.App. 212, 214) PC 667.61 likewise specified that the allegation must be "found to be true by the Trier of fact." (PC 667.61(i)) This is not form over substance, but as the In re Hall decision the defendant (now Petitioner) is entitled to a "direct answer." By using these forms as written, This denied the Petitioner his right to Trial by Jury under the 6th Amendment. (Cunningham v California (2007) 549 US 2x, 127 S.CT. 856; Blakely v Washington (2004) 542 US 296; Apprendi v New Jersey, supra).

[5]

This error is substantial and prejudicial.

Since the jury did not make a 'True' finding, Petitioner is entitled to a 'Not True' finding. (People v Eppinger (1895) 109 Cal. 294, 298; People v Paul (1998) 18 Cal.4th 698, 709; People v Mitchell (2000) 81 Cal.App.4th 321, 155). This applies to enhancements to counts 1, 9, 10, 11, 14, 15, 16, 17, 18, 24, 29, 33, 36, 37, 38, 43, 44, 46, 48, 49 and 50.

C.  Petitioner was denied his Right to Trial by Jury guarenteed by the 6th Amendment and 6th and 14th Amendment rights to Due Process and Fair Trial when the court and jury used a hopelessly flawed procedure to find the Petitioner "did" commit alleged acts against multiple victims under 667.61.

Petitioner was found guilty of the charges referenced here and the jury determined that Petitioner 'did' commit these acts against multiple victims within the meaning of PC 667.61(b)(c)(e). The jury verdict form included the multiple victim enhancement on the same page as the associated charge, and the jury deliberated and returned a verdict on both charge and enhancement at the same time, over defence objections. (10 RT 827 et seq.) The jury did so, relying on its own previous indication on a verdict form that it 'did' believe Petitioner suffered a prior conviction involving more than one victim.

Completing an unrecorded verdict form does <u>NOT</u>

/ 6 /

constitute a conviction under California law. All Courts have required a minimum of a verdict (or plea) for a conviction. (see People v Mendoza (2003) 106 Cal. App. 4th 1030, 1033 in People v Medina (2005) 132 Cal. App. 4th 149, 155). A jury's finding becomes a verdict once read in open court, jury polled and the verdict ordered recorded by the court. (People v Holman (1945) 72 Cal. App. 2d 25, 101; People v Hendricks (1987) 43 Cal. 3d, 584, 597; People v Bento (1998) 65 Cal. App. 4th 179, 188) Under the law, a jury cannot make a finding that a defendant has been convicted of a similar offence in the same proceeding prior to the verdict to the other count being declared in open court, read and ordered recorded by the court. (People v Green (1995) 31 Cal. App. 4th 1009, 1009) Therefore these findings as to multiple victims must be set aside by this court.

IV Prayer for Relief

Petitioner prays this court to grant him relief as is indicated and requested.

Date: 2/11/10

Respectfully Submitted,

Paul G. Whitmore III

|7|