# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL GORDON WHITMORE,<br><br>        Petitioner,<br>vs.<br><br>MATTHEW CATE, Warden,<br><br>        Respondent. | CASE NO. 09cv1324-MMA (MDD)<br><br>**REPORT AND RECOMMENDATION THAT PETITIONER'S MOTION TO INCLUDE PREVIOUSLY ABANDONED GROUNDS FOR RELIEF BE DENIED.**<br><br>[Doc. No. 46] |

### I. Procedural History

On May 26, 2009, Paul Gordon Whitmore ("Petitioner"), a prisoner proceeding *pro se* and *in forma pauperis*, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1). On November 3, 2009, the Court sent Petitioner a Notice Regarding Possible Dismissal of Petition for Failure to Exhaust State Court Remedies. (Doc. No. 21). In that Notice, the Court informed Petitioner that claims number 4, 5, and 6 of his Petition were unexhausted. Id. The Court advised Petitioner of his options, including his options to either voluntarily and formally abandon those claims, or seek a stay of the action while those claims were exhausted. Id.

On December 16, 2009, Petitioner filed a Motion to Dismiss Claim Nos. 5 and 6, And to Ask for Clarification as to Claim No. 4. (Doc. No. 31). In that Motion, Petitioner informed the Court that he had considered the options presented to him by the Court in its November 3, 2009 Notice, and that he was choosing to voluntarily and formally abandon Claims 5 and 6. Id. The

1  Court granted Petitioner's Motion, dismissing Claims 5 and 6 as unexhausted, and again advised
2  Petitioner of his options with regard to Claim 4. Id.

3  On January 21, 2010, Petitioner filed a Motion to Stay the proceedings so that he could
4  exhaust Claim 4. (Doc. No. 34). The Court granted the Motion, allowing Petitioner to file a
5  Petition for Habeas Corpus with the state court so that Petitioner could properly exhaust Claim 4.
6  (Doc. No. 35). On September 1, 2010, Petitioner filed the instant Motion to Include Previously
7  Abandoned Grounds for Relief ("Motion"), asking that he be allowed to amend his Petition to
8  include Claims 5 and 6, the claims he had formally abandoned. (Doc. No. 46). On October 1,
9  2010, Respondent filed a Response in Opposition ("Opposition"). (Doc. No. 47). On November
10 4, 2010, Petitioner filed a Reply to Defendants' Opposition ("Reply"). (Doc. No. 48).

11 **II.     Discussion**

12 In his Motion, Petitioner seeks to re-incorporate into his Petition two claims, Claims 5 and
13 6, that he had previously abandoned. (Doc. No. 46). In Claim 5, Petitioner contends that he was
14 denied his Sixth Amendment right to trial by jury and his Fourteenth Amendment right to Due
15 Process when the state court that convicted him used defective jury forms. Id. In Claim 6,
16 Petitioner contends that he was denied his Sixth Amendment right to trial by jury, and his
17 Fourteenth Amendment right to Due Process when the trial court used "hopelessly flawed
18 procedure" to find Petitioner guilty. Id. Petitioner explains that these claims were not included in
19 his Petition to the California Supreme Court, and were therefore unexhausted when he filed his
20 Petition in federal court. Id. Petitioner contends that when he learned that these claims, as well as
21 Claim 4, were unexhausted, he requested and received a stay and abeyance with regard to all three
22 claims, and returned to the State Supreme Court to properly exhaust. Petitioner contends that
23 revival of these claims is proper under 28 U.S.C. § 2254.

24 Petitioner mischaracterizes the status of his claims. While Claim 4 was stayed pursuant to
25 the Court's February 2, 2010 Order (Doc No. 35), Claims 5 and 6 were dismissed. Petitioner
26 himself filed the motion to "dismiss and abandon" Claims 5 and 6, stating that he "considered each
27 of the options the court noted in the Notice Regarding Possible Dismissal of Petition" and that he
28 "understands the potential consequences of [his] motion." (Doc. No. 31).

1        In his Opposition, Respondent contends that Petitioner cannot revive his claims because
2 they are barred by the statute of limitations. (Doc. No. 47). Respondent acknowledges that
3 Petitioner filed his federal Petition for a Writ of Habeas Corpus before the statute of limitations
4 period expired. Id. However, Respondent notes that under Duncan v. Walker, 533 U.S. 167, 181
5 (2001), Petitioner's filing of his federal Petition did not stop the statute of limitations from running
6 on Petitioner's claims. (Doc. No. 47). Respondent contends that the statute of limitations expired
7 as to Claims 5 and 6 prior to the Court's dismissal of those claims, and thus they are now barred.
8 (Doc. No. 47).

9        In his Reply, Petitioner counters that he only dismissed Claims 5 and 6 because he did not
10 wish to delay his federal action. (Doc. No. 48). Petitioner contends that the one-year statute of
11 limitations period applies only to a complete application for habeas corpus, not to the individual
12 grounds for relief stated within the application. Id. Thus, Petitioner contends that he is not barred
13 from merely reviving some grounds for relief as he did not dismiss his Petition in its entirety. Id.

14        Respondent is correct that the one-year statute of limitations period has expired on Claims
15 5 and 6. Under 28 U.S.C. § 2244(d)(1)(a), a one-year period of limitation, running from "the date
16 on which judgment became final by the conclusion of direct review or the expiration of the time
17 for seeking such review[,]" applies to an application for a writ of habeas. This period began
18 running on November 16, 2008, the last date Petitioner could have petitioned the United States
19 Supreme Court for a writ of certiorari following the denial of review of his conviction by the
20 California Supreme Court. Petitioner filed his federal Petition on May 26, 2009 (Doc. No. 1),
21 before the statute of limitations expired. However, the filing of a federal petition does not stop the
22 statute of limitations from running. Duncan, 533 U.S. at 181-82. Accordingly, the statute of
23 limitations period expired on November 16, 2009. 28 U.S.C. § 2244(d)(1)(a).

24        Petitioner was warned twice by the Court that if he chose to voluntarily abandon his
25 claims, they may be "forever barred from federal court habeas review" (Doc. No. 12) (emphasis in
26 original) and he may "lose the ability to ever raise it in federal court." (Doc No. 32). Petitioner
27 acknowledged the Court's warning, and when he brought his Motion to Dismiss Claims 5 and 6,
28 stated that he "understands the potential consequences." (Doc. No. 31). Despite this

1  acknowledgment, Petitioner now asks this Court to treat Claims 5 and 6 as though they had been
2  stayed, rather than dismissed.  Petitioner had the option to seek a stay and abeyance before
3  dismissing Claims 5 and 6, and did not.  In order to do so, Petitioner would have had to
4  demonstrate that: (i) there are arguably meritorious claims that he wishes to return to state court to
5  exhaust; (ii) that he is diligently pursuing his state court remedies with respect to each claim; and
6  (iii) that good cause exists for his failure to timely exhaust.  (Doc. No. 32) (citing Rhines v.
7  Webber, 544 U.S. 269, 277-78 (2005).  Petitioner's current Motion, if granted, would achieve the
8  same effect as a stay of Claims 5 and 6, but completely avoid the requirements laid out above.  The
9  Court finds that there is no good cause to grant Petitioner's Motion, and that, in any case, revival
10 of Petitioner's claims is time-barred and improper.  Duncan, 533 U.S. at 176.

11       As for Petitioner's argument that Duncan only bars the filing of a new "petition" and not
12 merely revival of new claims, the Court finds it without merit.  Petitioner has not presented any
13 authority by which this Court could permit the introduction of either a petition or individual claims
14 once the statute of limitations period has expired.  Additionally, Petitioner's contention that Claims
15 5 and 6 should relate back to the date of his original Petition is likewise without merit.  Petitioner
16 cites Mayle v.Felix, 545 U.S. 644, 655-56 (2005) in support of his argument.  However, Mayle
17 discusses the relation back of claims "first asserted in an amended petition[.]  Id. at 656.  Here,
18 Petitioner asserted Claims 5 and 6 in his original petition.  He has not changed the substance of
19 those claims.  Thus, relation back is improper.

20       Accordingly, the Court **RECOMMENDS** that Petitioner's Motion be **DENIED.**
21 **IT IS SO ORDERED.**

22       This report and recommendation will be submitted to the United States District Judge
23 assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1) (1988).  Any party may
24 filed written objections with the court and serve a copy on all parties by **June 15, 2011**.  The
25 document shall be captioned "Objections to Report and Recommendation."  Any reply to the
26 objections shall be served and filed by **June 24, 2011**.
27 / / /
28 / / /

1  The parties are advised that failure to file objections within the specified time may waive
2  the right to raise those objections on appeal of the Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153
3  (9th Cir. 1991).
4  DATED: May 26, 2011

*[signature]*
**Hon. Mitchell D. Dembin**
**U.S. Magistrate Judge**