1

2

3

4

5

6

7

8                **UNITED STATES DISTRICT COURT**

9                **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   PAUL GORDON WHITMORE,                          CASE NO. 09 CV 1324 MMA (MDD)

12                                 Petitioner,       **ORDER ADOPTING REPORT
                                                     AND RECOMMENDATION OF**
13                                                   **UNITED STATES MAGISTRATE
                                                     JUDGE;**
14        vs.
                                                     [Doc. No. 51]
15
                                                     **OVERRULING PETITIONER'S
16                                                   OBJECTIONS;**

17   MATTHEW CATE, Warden,                           [Doc. No. 52]

18                                 Respondent.       **DENYING MOTION TO INCLUDE
                                                     PREVIOUSLY ABANDONED**
19                                                   **GROUNDS FOR RELIEF**

20                                                   [Doc. No. 46]

21        On May 26, 2009, Petitioner Paul Gordon Whitmore, a state prisoner proceeding *pro se*

22   and *in forma pauperis*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

23   [Doc. No. 1.]  On July 14, 2009, the Court notified Petitioner that some of his claims may be

24   subject to dismissal for failure to exhaust his state remedies.  [Doc. No. 12.]

25        On November 2, 2009, Petitioner filed a "Motion to Revisit Prima Facie, Amend Petition

26   and Enlarge Time Limit for Traverse."  [Doc. No. 23.]  Therein, Petitioner requested, *inter alia*,

27   the Court to reconsider whether claims 5 and 6 are exhausted.  [*Id*. at p.3.]  Petitioner indicated

28   that if the Court still considers claims 5 and 6 unexhausted, he will ask the Court to dismiss these

1  claims without prejudice.  [*Id.*]  On November 4, 2009, the Court issued an order indicating it

2  received Petitioner's motion to "revisit prima facie" the same day the Court issued a detailed

3  Notice regarding Petitioner's likely failure to exhaust claims 4, 5 and 6.  [Doc. No. 26, p.2.]  The

4  Court indicated that the Notice set forth Petitioner's options as to the unexhausted claims, and

5  directed Petitioner to review the Notice and respond accordingly.  [*Id.*]

6        Specifically, the Court's November 3, 2009 Notice to Petitioner [Doc. No. 21] indicated

7  that three of his claims—numbers 4, 5 and 6—were not exhausted.  The Court advised Petitioner

8  he had four options: (1) Petitioner could file additional papers with the Court demonstrating the

9  claims had been exhausted; (2) Petitioner could voluntarily dismiss his *entire* federal petition and

10  return to state court to exhaust his unexhausted claims; (3) Petitioner could formally abandon his

11  unexhausted claims and proceed only on those properly exhausted; or (4) Petitioner could file a

12  motion to stay his federal petition while he returned to state court to exhaust claims 4, 5 and 6.

13  [Doc. No. 21, p.2-4.]  With respect to the third option, the Court cautioned Petitioner that if he

14  abandons the unexhausted claims, he may lose the ability to ever raise them in federal court.   The

15  Court further advised Petitioner, that if he chose the fourth option, Petitioner could proceed one of

16  two ways.  First, Petitioner could ask the Court to stay his mixed petition while he returned to state

17  court to exhaust claims 4, 5 and 6, or he could voluntarily withdraw his unexhausted claims and

18  request the Court to stay his fully-exhausted petition while he returns to state court to exhaust, and

19  then seek permission to amend his petition to include the newly exhausted claims after exhaustion

20  is complete.

21        On December 14, 2009, Petitioner responded to the Court's Notice by filing a "Motion to

22  Dismiss Claim Nos. 5 and 6 and to Ask for Clarification as to Claim No. 4."  [Doc. No. 31.]  In his

23  motion, Petitioner asked the Court to "dismiss and abandon his claims numbers [sic] 5 and 6."  [*Id.*

24  at p.1.]  Petitioner stated he "considered each of the options the Court noted in the Notice

25  Regarding Possible Dismissal of Petition for Failure to Exhaust State Court Remedies.  Petitioner

26  understands the potential consequences of this motion.  Petitioner requests a dismissal without

27  prejudice."  [*Id.* a p.2.]  On December 21, 2009, the Court granted Petitioner's motion to dismiss

28  unexhausted claims 5 and 6.  [Doc. No. 32.]

1    On January 19, 2010, Petitioner filed a "Motion to Stay and Abeyance Regarding Grounds

2    4." [Doc. No. 34.]  The Court granted Petitioner's motion to stay his federal action while he

3    proceeded in state court to exhaust claim 4.  [Doc. No. 35.]  On September 1, 2010, Petitioner filed

4    the pending motion to include his previously abandoned claims 5 and 6 in his original petition.

5    [Doc. No. 46.]  Petitioner asserts the Court dismissed these claims without prejudice, and argues

6    that including them now does not constitute a successive petition because the Court did not rule on

7    the merits of the claims.  [*Id*.]  Respondent opposed Petitioner's motion on October 1, 2010.  [Doc.

8    No. 47.]  Petitioner's motion was referred to United States Magistrate Judge William V. Gallo for

9    preparation of a Report and Recommendation under 28 U.S.C. § 636(b) and Civil Local Rule

10    72.1(d).  On April 29, 2011, this case was transferred to United States Magistrate Judge Mitchell

11    D. Dembin.  [Doc. No. 50.]

12    Judge Dembin issued a well-reasoned and thorough Report recommending that Petitioner's

13    motion to include previously abandoned claims 5 and 6 be denied.  [Doc. No. 51.]  Petitioner

14    timely filed objections, challenging the findings and conclusions of law set forth in the Report and

15    Recommendation.  [Doc. No. 52.]  Respondent did not file an objection to the Report, nor a

16    response to Petitioner's objections.

17    Under 28 U.S.C. § 636(b)(1), in reviewing a magistrate judge's report and

18    recommendation, the district court "shall make a *de novo* determination of those portions of the

19    report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the

20    findings or recommendations made by the magistrate judge."  Here, Petitioner objects to the

21    entirety of the Report.  [Doc. No. 52.]  Primarily, Petitioner asserts his entire petition was stayed

22    while he exhausted his state court remedies, and Judge Dembin failed to view the grounds raised

23    in claims 5 and 6 as sentencing errors which may be corrected at any time.  [*Id*.]  The Court has

24    considered the merits of each of Petitioner's objections.  With respect to Petitioner's objections to

25    the findings of fact detailed in the Report, the Court overrules the objections, as they are amply

26    supported by the record.  While petitioner is correct that the entire petition was stayed while he

27    exhausted his claims in state court, by the time the Court entered the stay on February 2, 2010, the

28    Court had already granted Petitioner's motion to dismiss claims 5 and 6 on December 21, 2009.

1 Petitioner voluntarily chose to abandon claims 5 and 6, expressly acknowledging he understood

2 the consequences of his decision. [Doc. No. 31.]  Petitioner has not identified any ground for the

3 Court to allow him to amend his petition to include these previously abandoned and time-barred

4 claims.  Petitioner's objections to the conclusions of law are similarly without merit, and are

5 therefore, overruled.  Judge Dembin identified the correct legal standards, applied each standard

6 correctly, considered relevant case law, and reached sound conclusions that this Court has no

7 reason to reject.

8 　　　Having reviewed the Report and Recommendation and the files and records herein, the

9 Court **ADOPTS** the Report and Recommendation in its entirety.  Accordingly, the Court **DENIES**

10 Petitioner's motion to reinstate previously abandoned claims 5 and 6.  [Doc. No. 46.]

11 　　　**IT IS SO ORDERED.**

12

13 DATED:  August 4, 2011

14

15 　　　　　　　　　　　　　　　Hon. Michael M. Anello
　　　　　　　　　　　　　　　United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28