# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL GORDON WHITMORE,<br><br>           Petitioner,<br><br>vs.<br><br>MATTHEW CATE, Warden,<br><br>           Respondent. | CASE NO. 09 CV 1324 MMA (MDD)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE;**<br><br>[Doc. No. 60]<br><br>**OVERRULING PETITIONER'S OBJECTIONS;**<br><br>[Doc. No. 67]<br><br>**DENYING PETITION FOR WRIT OF HABEAS CORPUS;**<br><br>[Doc. No. 1]<br><br>**DENYING PETITIONER'S MOTION UNDER RULE 60(b),(d) FOR RELIEF FROM DENIAL OF ACCESS TO THE COURTS AND DENIAL OF RIGHT TO DEVELOP ARGUMENT ON APPEAL;**<br><br>[Doc. No. 69]<br><br>**DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY** |

**PETITION FOR WRIT OF HABEAS CORPUS**

On May 26, 2009, Petitioner Paul Gordon Whitmore, a state prisoner proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to Title 28 of the United States Code, section

2254, challenging the constitutionality of his conviction on twenty-one counts of committing a lewd act on a child, eighteen counts of posing a minor for the purpose of producing pornography, nine counts of aggravated sexual assault of a child, and one count each of attempting to dissuade a witness from reporting a crime, exhibiting harmful material to a minor, and annoying or molesting a child. For these crimes, Petitioner received a sentence of 467 years and 8 months to life in state prison. His sentence was enhanced as a result of findings by the jury that there were multiple victims and that a victim was tied or bound. Respondent filed an answer to the petition and Petitioner filed a traverse. *See* Doc. Nos. 56, 59.

The matter was referred to United States Magistrate Judge Mitchell D. Dembin for preparation of a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), and Civil Local Rule HC.2. Judge Dembin has issued a well-reasoned and thorough Report recommending that the petition be denied. *See* Doc. No. 60. Petitioner timely filed objections, challenging the findings of fact and conclusions of law set forth in the Report and Recommendation. *See* Doc. No. 67. Respondent did not file an objection to the Report, nor a response to Petitioner's objections.

In reviewing a magistrate judge's report and recommendation, the district court "shall make a *de novo* determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *See* 28 U.S.C. § 636(b)(1).

Petitioner raises multiple objections to the factual findings included in the Report and Recommendation. The Court has conducted the requisite *de novo* review of the pertinent portions of the record with respect to each of Petitioner's objections. Judge Dembin carefully and accurately culled each recited fact from the lengthy state court record. Petitioner's arguments to the contrary are unconvincing.

Petitioner also objects to multiple conclusions of law relied upon by Judge Dembin to recommend denial of the petition. The Court has considered each of Petitioner's objections and finds them to be wholly without merit. For example, Petitioner objects to the conclusion that sufficient evidence supported his conviction on count 13 (posing a minor for the purpose of producing pornography; a series of nine photographs showing Petitioner's daughter and a neighbor

girl naked in a bathtub sucking on popsicles). Petitioner specifically challenges the pornographic nature of the photographs and queries "how can a photo of an 8-year-old in the bathtub, eating a popsicle, be pornography?" *See Pet. Objections*, 7. As the state appellate court correctly stated, when the 8-year-old is naked, with her legs "partially spread apart, and the camera angle is focused toward [her] genitals," a jury reasonably could have determined that the photographs were pornographic. *See Lodgment No. 6.*, People v. Whitmore, No. D048294, slip op. at 21.

In sum, the Court finds that Judge Dembin identified the correct legal standards, applied each standard correctly, considered relevant case law, and reached sound conclusions that this Court has no reason to reject. The Court **OVERRULES** Petitioner's objections and **ADOPTS** the Report and Recommendation in its entirety. Accordingly, the Court **DENIES** the petition and a writ of habeas corpus shall not issue in this case.

## **MOTION UNDER RULE 60(B),(D) FOR RELIEF**

Petitioner also requests relief under Federal Rule of Civil Procedure 60(b),(d), alleging denial of his constitutional right of access to the courts throughout this litigation due to the inadequate law library at the institution where he is incarcerated, and violation of his due process rights based on the refusal of the state and federal courts to provide him with access to certain exhibits from his state court trial.

Federal Rule of Civil Procedure 60(b) entitles the moving party to relief from "a final judgment, order, or proceeding" on several grounds, including fraud, misrepresentation, or misconduct by the opposing party, or for "any other reason justifying relief from the operation of the judgment."[1] Fed. R. Civ. P. 60(b)(3),(6). A motion under subsection (b)(6) requires a showing of "extraordinary circumstances." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005). The United States Supreme Court has noted that "[s]uch circumstances will rarely occur in the habeas context." *Id*. Petitioner also invokes Rule 60(d) which provides that "[t]his rule does not limit a

---

[1] Petitioner's motion precedes the entry of a final judgment in this case. As such, in addition to the specifically identified August 19, 2010 Minute Order [Doc. No. 45] denying his request for access to certain state court trial exhibits, the Court liberally construes Petitioner's motion as challenging these federal habeas proceedings generally. *See Gonzalez v. Crosby*, 545 U.S. 524, 532 (noting that a Rule 60(b) motion may be used to challenge some "defect in the integrity of [] federal habeas proceedings.").

court's power" to grant other forms of relief.

To the extent Petitioner challenges the integrity of these proceedings based on his purported denial of access to the courts, his challenge fails. According to Petitioner, the outdated and limited legal research tools available at the prison law library, combined with his limited access to the library on a weekly basis due to state budget cuts, has resulted in a denial of his rights. Petitioner claims that he has not been able to support his claims in this action sufficiently because of the law library's deficient resources.

In *Bounds v. Smith*, the United States Supreme Court stated that "[i]t is now established beyond doubt that prisoners have a constitutional right of access to the courts." 430 U.S. 817, 821 (1977), overruled in part by *Lewis v. Casey*, 518 U.S. 343 (1996). Interpreting *Bounds*, the Supreme Court later explained that, "[b]ecause *Bounds* did not create an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar . . ." *Lewis*, 518 U.S. at 351. An inmate "must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Id*. Furthermore, decisions by prison officials to regulate the number of inmates who can access the law library and its resources does not by itself constitute a denial of access to the courts. *Id*. at 361. The Constitution only requires that inmates have the ability to present their legal claims in court, which Petitioner has been able to do. *Id.* at 360. Petitioner misunderstands the breadth of his constitutional rights in this instance and fails to show "extraordinary circumstances" entitling him to relief under Rule 60(b)(6). *Gonzalez*, 545 U.S. at 535.

Petitioner further asserts that he is entitled to relief under Rule 60(b)(3) based on Respondent's false representation to this Court that Petitioner is lawfully incarcerated. For the reasons set forth in the Report and Recommendation, adopted herein, the Court has found no basis to conclude that Petitioner is in "custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). As such, Petitioner is not entitled to relief under Rule 60(b)(3) on the ground that he is illegally incarcerated.

Finally, Petitioner asserts that the refusal to release certain exhibits from the state trial

- 4 -

09cv1324

1  court proceedings, including certain sexually explicit photographs and videos, warrants relief
2  under Rule 60.  According to Petitioner, he needed these exhibits in order to strengthen his
3  grounds for habeas relief.  With respect to the requested photos and photo series, Petitioner argues
4  that inclusion of those exhibits in the record before this Court was necessary to demonstrate that
5  the images did not depict child pornography.

6        On July 9, 2012, Petitioner submitted a request to the state superior court for the release of
7  more than twenty exhibits admitted into the record during his jury trial.  *See Pet. Mot.*, Att. B.
8  Petitioner argued that he needed the identified exhibits in order to litigate his federal habeas
9  petition.  The requested exhibits included, *inter alia*, photos and photo series offered by the
10 prosecution to prove the eighteen counts of posing a minor for the purpose of producing
11 pornography.  On July 20, 2010, the state court issued an order denying Petitioner's request as
12 insufficiently supported by good cause.  *See* Doc. No. 41.  The state court also noted that because
13 many of the requested exhibits involve child pornography, California Penal Code § 1054.10(a)
14 prohibits the disclosure of such evidence to Petitioner.  *Id.*  Thereafter, Petitioner prevailed upon
15 this Court to order release of the requested exhibits.  *See* Doc. No. 44.  The Court denied his
16 request via a minute order entered August 19, 2012.  *See* Doc. No. 45.

17       The Court properly denied Petitioner's request for release of the exhibits.  The Reporter's
18 Transcript contains the trial testimony of the witnesses who authenticated the exhibits, describing
19 in often painstaking detail the contents of documentary evidence and the nature of the images
20 depicted in the photographic and video evidence.  In many instances, the victims themselves
21 described the manner in which they were posed by Petitioner for the photos.  In addition, the
22 exhibits requested by Petitioner were included as part of the record on direct appeal, and the state
23 appellate court decision denying Petitioner's direct appeal also provides a detailed description of
24 the pertinent exhibits.  *See* Docket (Register of Actions): <u>People v. Whitmore</u>, Appellate Case
25 Number D048294, available at: http://appellatecases.courtinfo.ca.gov.  The record in this case,
26 comprised of the Clerk's and Reporter's Transcripts and the state appellate court briefs and
27 decisions, contains sufficiently detailed information regarding the content and nature of all trial
28 exhibits relevant to Petitioner's habeas claims.  Petitioner did not require access to the actual

1 | exhibits in order to litigate his claims.  As such, he is not entitled to any relief on this basis.

2 | The Court **DENIES** Petitioner's motion.

### CERTIFICATE OF APPEALABILITY

In order to proceed with an appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski*, 435 F.3d 946, 950-951 (9th Cir.2006).  Pursuant to the December 1, 2009 amendment to Rule 11 of the Rules Governing Section 2254 and 2255 Cases, district courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. Rule 11(a).  Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability.  28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  For the reasons set forth in the Report and Recommendation and adopted herein, Petitioner has not made a substantial showing of the denial of a constitutional right.  Accordingly, the Court **DECLINES** to issue a certificate of appealability in this action.

**IT IS SO ORDERED**.

DATED: September 12, 2012

*[signature]*

Hon. Michael M. Anello
United States District Judge